**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ALLAN CONTRACTING ENTERPRISES**　　　　**CIVIL ACTION**

**VERSUS**　　　　**NO. 23-2632**

**CUMMINS INC. (OF INDIANA)**　　　　**SECTION: D (5)**

### ORDER and REASONS

　　　　Before the Court is Plaintiff's Motion for Partial Summary Judgment, filed by Allan Contracting Enterprises ("ACE").[1]  Cummins Inc. (of Indiana) ("Cummins") opposes the Motion,[2] and ACE has filed a Reply.[3]

　　　　After careful consideration of the parties' memoranda and the applicable law, the Motion for Summary Judgment is **DENIED.**

## I.　　FACTUAL AND PROCEDURAL BACKGROUND[4]

　　　　In the instant Motion, ACE seeks summary judgment on its open account claim because "Louisiana law is clear that a party suing to collect a liquidated sum presently due and owing is entitled to summary judgment, even if the opposing party raises defenses or reconvenes claiming unliquidated amounts."[5]  Cummins argues that genuine issues of material fact preclude summary judgment, including whether there is a valid contract between the parties as it alleges that most of the work that ACE allegedly performed required a Louisiana contractor's license, which ACE does

---

[1] R. Doc. 49.
[2] R. Doc. 52.
[3] R. Doc. 54.
[4] The factual background of this case was extensively detailed in an order previously issued by this Court (*See* R. Doc. 73) and, for the sake of brevity, will not be repeated here.
[5] R. Doc. 49-3 at pp. 1–2 & 4–5.

not possess.[6]  Cummins relies upon the arguments made in support of its own Motion for Summary Judgment to bolster this point.[7]  Cummins further asserts that ACE cannot establish the requirements of an open account claim,[8] and argues that the cases relied upon by ACE are distinguishable from the facts of this case.[9]  In response, ACE asserts that it carried its burden of proving the existence of an open account, and that Cummins failed to raise a genuine dispute regarding the open account claim.[10]

## II.    LAW AND ANALYSIS

In diversity cases like this one,[11] "federal courts must apply state substantive law."[12]  Louisiana law defines an "open account" as "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions."[13]  While the Fifth Circuit has recognized that, [c]ourts are split as to whether a party must demonstrate the existence of a contract to recover on an open account claim" in Louisiana,[14] the Fifth Circuit has suggested that a contractual relationship is required to recover an open account claim.[15]

---

[6] R. Doc. 52 at pp. 1–2 & 6–7.

[7] *Id*. at p. 7 (*citing* R. Doc. 48-3).

[8] R. Doc. 52 at p. 7 & 9-15.

[9] *Id*. at pp. 8–9.

[10] R. Doc. 54 at pp. 2–3.

[11] R. Doc. 1.

[12] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L.Ed. 1188 (1938); *Ashland Chem. Inc. v. Barco Inc.*, 123 F.3d 261, 265 (5th Cir. 1997)).

[13] La. R.S. 9:2781(D).

[14] *Louisiana Newpack Shrimp Co., Inc. v. Indigo Seafood Partners, Inc.*, No. 22-30653, 2023 WL 5316473, at *3 (5th Cir. Aug. 17, 2023) (per curiam) (citing authority).

[15] *Id*. ("However, the abovementioned conflicting case law and the relevant statutory provisions indicate that it was not a *manifest* error of law to allow Longhai to recover on its open account claim.

In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[16]  With that in mind, after careful consideration of the parties' memoranda and the applicable law, and accepting all well-pleaded facts as true and viewing those facts in the light most favorable to Cummins, as the Court is bound to do, the Court finds that ACE's Motion for Partial Summary Judgment must be denied.  The Court specifically finds that, for some of the reasons stated in Cummins' Opposition brief,[17] and for the reasons stated in the Court's November 4, 2024 Order and Reasons denying Cummins' Motion for Summary Judgment,[18] genuine issues of material fact are in dispute regarding whether the agreement between the parties is an absolute nullity and whether ACE provided services that required a Louisiana contractor's license under La. R.S. 37:2150.1(4)(a)(i).  As such, ACE has failed to show that it is entitled to summary judgment as a matter of law on its open account claim and its Motion for Partial Summary Judgment is denied.

---

That is, while various cases speak to the contractual relationship requirement for open accounts, numerous courts have distinguished between open account claims and contract claims and allowed plaintiffs to recover on open account claims despite the absence of a formal contract.  Moreover, considering the distinct sets of instructions it received, the jury's finding that no *contract* existed between Louisiana Newpack and Longhai did not preclude it from finding a *contractual relationship* in support of its separate finding that the parties had an open account.") (emphasis in original).

[16] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

[17] *See* R. Doc. 52 at pp. 1–2, 6–7, & 8–9.

[18] R. Doc. 73.

III.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment[19] is **DENIED.**

New Orleans, Louisiana, November 5, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[19] R. Doc. 49.